By the Court.
In January A. D. 1871, D. sold a lot to Mrs. G. for $400 and agreed to build a dwelling for her, upon the lot for $1,250. She paid all of the $400 except. $175. Her husband made his four negotiable promissory notes for $356.25 each, payable to the order of D. in one, two, three and four years respectively after date, with interest payable annually. G. and wife secured said notes by a mortgage on the lot. D. immediately after the delivery of the notes and mortgage, for a valuable consideration, indorsed the notes to S. et al., and assigned to them the mortgage.
In July, A. D. 1871, when the house was almost finished, G. and wife conveyed the lot to R. and W., who agreed “do pay each and all of said notes in- full with all interest on the same, and to protect G. from any loss or damage by reason of the same not being promptly paid when they shall become due.” Afterward, and before it had been completed or delivered, the house was destroyed by fire, and D. made no attempt to rebuild it. In 1877, S. et al., sued R. and W. to recover the sum due on said notes— $1,425 and interest from their dates. R. and W. answered *235 that $1,250 of the .principal was in consideration of the agreement to build the house and that consideration had totally failed. To this the plaintiff demurred.
Held: 1. As purchasers for value before due of notes supported by a valuable consideration at the time of transfer, S. et al. could recover on the notes against G., notwithstanding the subsequent default of D.
2. Under the agreement of R. and W., they became liable in place of G. and said defense was insufficient.

Judgment of the district court affirmed.